UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00014-FDW-DCK

| | |
|---|---|
| RICHARD CLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| E.S.A. MANAGEMENT, d/b/a ) | |
| EXTENDED STAY AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss or, in the alternative, to Transfer Venue (Doc. No. 5). Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 13) advising Plaintiff of his right to respond to Defendant's motions. The motions have been fully briefed by the parties (Docs. Nos. 6, 16, 18) and are now ripe for disposition. For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART, and Defendant's Motion to Transfer is GRANTED.

**I. BACKGROUND**

Plaintiff, Richard Clemons, who is proceeding *pro se*, filed this action on January 9, 2018, following his stay at an Extended Stay America hotel (the "Hotel") in Manassas, Virginia. In his Complaint, Plaintiff asserts claims against Defendant for negligence, intentional infliction of emotional distress, violations of N.C. Gen. Stat §§ 42-40(2) and 72-1, and violations of North Carolina's and Virginia's consumer protection and landlord-tenant laws.

On October 14, 2017, Plaintiff began his stay at the Hotel made possible by an agreement between Defendant, Extended Stay America ("ESA") and the Artemis House, an organization that

1

provides services to victims of domestic violence. (Doc. No. 1, p. 2). Plaintiff alleges that on or about October 29 or 30, 2017, "intruder(s)" broke into his room and stole several items. Id. Upon discovering the theft, Plaintiff notified the police. Id. Soon thereafter, Plaintiff allegedly asked the Hotel manager to perform a "maintenance check on the lock and room." Id. The manager agreed. Id. However, no security check occurred, according to the Complaint, and no damage to Plaintiff's door from the break-in was fixed. Id. at 3. On November 4, 2017, Plaintiff alleges the "intruder(s)" returned to his room, drugged him while asleep, and sexually assaulted him. Id. Plaintiff again notified the police who arrived at the scene and allegedly "recorded into evidence a point of entry in the ceiling bathroom where an unsecured shaft space had been pried open." Id. On or about four days following this incident, Plaintiff confronted the alleged "intruder" and placed him under "citizen's arrest." Id. The Complaint then states the Hotel manager notified the Artemis House of Plaintiff's conduct, falsely "stating that plaintiff had assaulted the suspect placed under arrest by him." Id. As a result, Plaintiff was suspended from the housing assistance program. Id. at 4.

Defendant filed its Motion to Dismiss or in the alternative Transfer Venue (Doc. No. 5) on February 9, 2018. In the motion, Defendant seeks to dismiss all Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or in the alternative to transfer the case to the Eastern District of Virginia, Alexandria Division. On February 27, 2018, the Court *sua sponte* issued a Roseboro notice (Doc. No. 13) advising Plaintiff of his right to respond to Defendant's motions. Plaintiff filed his Response (Doc.

No. 16) on March 16, 2018, to which Defendant filed a Reply (Doc. No. 18) on March 22, 2018.[1]
As this matter is now ripe for review, the Court addresses each motion in turn.

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

---

[1] The Court also notes on February 27, 2018, Plaintiff indicated his willingness to opt in to the WDNC Pro Se Settlement Assistance Program; this program, however, has been stayed pending a resolution of these motions.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. Rule 8(a) requires that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Courts apply a more liberal standard to *pro se* complaints, even holding complaints written by *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers," but nevertheless they are not bound by a plaintiff's legal conclusions. Haines v. Kerner, 404 U.S. 519, 520 (1972); Randall v. United States, 30 F.3d 518, 521; Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court gleans from the Complaint that Plaintiff purports to bring claims against Defendant for (1) negligence, (2) intentional infliction of emotional distress, (3) violations of N.C. Gen. Stat. § 42-40(2) and § 72-1, (4) violations of North Carolina's consumer protection laws, (5) violations of Virginia's consumer protection laws, (6) retaliation in violation of North Carolina's landlord-tenant laws, and (7) retaliation in violation of Virginia's landlord-tenant laws. (Doc. No. 1, p. 4).[2] For the reasons stated herein, Plaintiff's claims for violations of N.C. Gen. Stat. § 42-40(2) and § 72-1, violations of North Carolina's consumer protection laws, and retaliation in violation of North Carolina's and Virginia's landlord tenant laws are dismissed without prejudice.

---

[2] The Court notes that Plaintiff attempts to plead new causes of action for negligent infliction of emotional distress and breach of implied warranty of merchantability in his Response to Motion to Dismiss (Doc. No. 16). Those claims will not be considered in this Order as they are not properly before the Court. See Mohammed v. Daniels, No. 5:13-CT-3077-FL, 2015 WL 470469, at *3 (E.D.N.C. Feb. 4, 2015) ("To the extent plaintiff attempts to raise new claims in his responses to defendants' motions to dismiss, those claims are not properly before the court and will not be considered.").

Plaintiff's claims for negligence, intentional infliction of emotional distress, and violation of Virginia's consumer protection laws survive.

### i. Negligence

As a threshold matter, it is important to distinguish which state's law governs Plaintiff's negligence claim. North Carolina courts have consistently adhered to the *lex loci* rule for matters affecting substantial rights of the parties and the *lex fori* rule for remedial or procedural rights. Boudreau v. Baughman, 322 N.C. 331, 335 (1988) (citations omitted). For actions sounding in tort, the state where the injury occurred is considered the situs of the claim, because an act has legal significance only if the jurisdiction where it occurs recognizes that legal rights and obligations ensue from it. White v. Penske Truck Leasing Corp., 256 F. Supp. 2d 440, 445 (M.D.N.C. 2003); Boudreau v. Baughman, 322 N.C. 331, 335 (1988); Terry v. Pullman Trailmobile, a Div. of Pullman, Inc., 92 N.C.App. 687, 693 (1989). Thus, under North Carolina law, the law of the state where the injury to Plaintiff occurs governs the resolution of the substantive issues in controversy. Boudreau 322 N.C. at 335. Accordingly, in the case at bar, the law of Virginia, the place Plaintiff's alleged injury occurred, governs Plaintiff's negligence claim.

Under Virginia law, a plaintiff who seeks to establish a *prima facie* showing of negligence must plead (1) the existence of a legal duty, (2) a violation of that duty, and (3) proximate causation which results in (4) injury. Didato v. Strehler, 262 Va. 617, 627 (2001). Defendant contends that Plaintiff fails to allege facts sufficient to establish that any act or omission by Defendant proximately caused Plaintiff's injury. (Doc. No. 6, p. 5). Defendant's argument, however, is overly dismissive of Plaintiff's Complaint. Plaintiff alleges that his sexual assault was attributable to insufficient security measures taken by Defendant to make safe Plaintiff's room. See (Doc. No. 1,

5

2-3). The Supreme Court of Virginia has recognized that the common law imposes a duty upon hotels to protect guests against reasonably foreseeable injury from criminal conduct. Taboada v. Daly Seven, Inc., 271 Va. 313, 326 (2006), on reh'g, 273 Va. 269 (2007) ("Given the nature of the special relationship between an innkeeper and a guest, we hold that it imposes on the innkeeper the same potential elevated duty of 'utmost care and diligence' to protect a guest from the danger of injury caused by the criminal conduct of a third person on the innkeeper's property."). Given that prior to the sexual assault Plaintiff had already fallen victim to criminal conduct in his Hotel room, it was reasonably foreseeable that similar criminal conduct might occur in the future; accordingly, Plaintiff's allegations allow the Court to draw the inference that Defendant's failure to take adequate safety measures to secure Plaintiff's room was the proximate cause of Plaintiff's injury. Defendant's motion to dismiss Plaintiff's claim for negligence is accordingly denied.

### ii. Intentional Infliction of Emotional Distress

Similarly, pursuant to the *lex loci* rule Plaintiff's claim for intentional infliction of emotional distress ("IIED") is also governed by Virginia law. To succeed on a claim for IIED under Virginia law, four elements must be proven: (1) the conduct was intentional or reckless; (2) the behavior was outrageous and intolerable; (3) the distress is casually linked to the defendant's actions; and (4) the distress suffered was severe. Magallon v. Wireless Unlimited Inc., 85 Va. Cir. 460 (2012).

Defendant argues that Plaintiff fails to allege any element of IIED. (Doc. 6, p. 7). Again the Court disagrees. Plaintiff alleges that following the sexual assault the manager of the Hotel "failed to move plaintiff to a new hotel room to protect his identity and person from further harassment." (Doc. No. 1, p. 3-4). Furthermore, Plaintiff alleges the Hotel manager falsely

6

accused Plaintiff of assaulting the alleged perpetrator of the theft and sexual assault, which resulted in Plaintiff's suspension from his housing assistance program. Id. Applying a liberal standard and viewing the facts in a light most favorable to Plaintiff, the Court determines that Plaintiff alleges sufficient facts to support a plausible claim for IIED. Defendant's motion to dismiss Plaintiff's claim for IIED is denied.

### iii. N.C. Gen. Stat. § 42-40(2) and § 72-1

In his Complaint, Plaintiff purports to sue Defendant for violations of N.C. Gen. Stat. §§ 42-40(2) and 72-1 (Doc. No. 1, p. 4); however, no cause of action exists under either statute. Section 42-40 provides the definitions section of the Residential Rental Agreements Act, codified at Chapter 42, Article 5 of the North Carolina General Statutes. Section 42-40(2) defines the term "premises." It is not readily apparent to the Court how Plaintiff can state a claim for a violation of Section 42-40(2) as this section does not provide a cause of action. Similarly, Section 72-1 merely states the common law duties of an innkeeper. See Urbano v. Days Inn of America, Inc., 58 N.C. App. 795, 799 (1982) ("G.S. 72-1(a) does no more than state the common law duty of an innkeeper to provide suitable lodging to guests, and carries with it no warranty of personal safety."). Even applying a liberal standard, there is no plausible claim for relief for a violation of these statutes. Accordingly, Plaintiff's claims for violations of N.C. Gen. Stat. §§ 42-40(2) and 72-1 are dismissed.

### iv. Consumer Protection Laws

Plaintiff avers Defendant's conduct was also in "violation of applicable consumer protection laws as outlined in the *State of Carolina and the Commonwealth of Virginia*." (Doc. No. 1, p. 4).

### a. Virginia Consumer Protection Act ("VCPA")

The VCPA is codified at Va. Code § 59.1-196 et seq. and prohibits certain practices in consumer transactions, which are listed in Section 59.1-200. Defendant contends that none of the prohibited practices under the VCPA are alleged in Plaintiff's Complaint. The Court disagrees. Plaintiff alleges the Hotel manager misrepresented to Plaintiff the security of the room and failed to perform promised measures to increase security following the initial break-in. (Doc. No. 2-3). Applying the liberal standard for *pro se* plaintiffs and viewing the alleged facts in the light most favorable to Plaintiff, such allegations plausibly rise to level of prohibited practices described in Section 59.1-200. Accordingly, Defendant's motion to dismiss Plaintiff's claim under VCPA is denied.

### b. North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA")

North Carolina provides for consumer protection in its UDTPA, codified at N.C. Gen. Stat. § 75-1.1. Section 75-1.1(a) of the act states "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." To state a claim under the UDTPA Plaintiff must plausibly allege: (1) that defendants committed an unfair and deceptive act or practice; (2) in or affecting commerce; and (3) plaintiffs were injured thereby. Bridgetree, Inc. v. Red F Mktg. LLC, 2010 BL 182370, 6 (W.D.N.C Aug. 05, 2010).

While the Supreme Court of North Carolina has yet to address the proper choice of law test for a UDTPA claim, the North Carolina Court of Appeals has issued conflicting decisions, employing the situs test in United Virginia Bank v. Air-Lift Assocs., Inc. and the "most significant relationship" test in Andrew Jackson Sales v. Bi-Lo Stores, Inc. 79 N.C. App. 315 (1986); 68 N.C.

App. 222 (1984). Absent clear authority from the Supreme Court of North Carolina, this Court, as well as federal courts in the Middle and Eastern District of North Carolina, has traditionally applied the *lex loci* rule rather than the most significant relationship test. See United Dominion Indus., Inc. v. Overhead Door Corp., 762 F.Supp. 126, 129 (W.D.N.C.1991); see also Martinez v. Nat'l Union Fire Ins. Co., 911 F. Supp. 2d 331, 338 (E.D.N.C. 2012); see also M-Tek Kiosk, Inc. v. Clayton, No. 1:15CV886, 2016 WL 2997505, at *13 (M.D.N.C. May 23, 2016), appeal dismissed (July 19, 2016). So too does the Court today. Pursuant to the situs test, because Plaintiff fails to allege that he was injured in North Carolina, North Carolina's UDTPA does not govern this claim. Accordingly, Plaintiff's UDTPA claim against Defendant is dismissed.

**v. Retaliation**

Plaintiff's final claim states that he was wrongly retaliated against for "filing a consumer protection related complaint" against Defendant pursuant to North Carolina and Virginia landlord-tenant law. (Doc. No. 1, p. 4). Both of these claims fail.

**a. Retaliation Under Virginia Law**

Plaintiff does not qualify as a tenant under the Virginia Residential Landlord and Tenant Act (VRLTA) and therefore cannot sustain his retaliation claim.

The VRLTA memorializes the rights and obligations of landlord and tenants in Virginia. See Va. Code § 55-248.3. Section 55-248:3:1 states the applicability and exemptions of the VRLTA. It provides, in pertinent part:

> If a person resides in a hotel, motel, extended stay facility, vacation residential facility, including those governed by the Virginia Real Estate Time-Share Act (§ 55-360 et seq), boardinghouse, or similar transient lodging as his primary residence for fewer than 90 consecutive days, such lodging shall not be subject to the provisions of this chapter.

9

Plaintiff does not dispute that his stay at the Hotel was for less than 90 days. Furthermore, no alleged facts in Plaintiff's Complaint and no arguments in his Response (Doc. No. 16) indicate he intended to remain in the Hotel longer than 90 days. In short, the transient nature of Plaintiff's stay at the Hotel does not entitle him to protections under VRLTA. As such, Plaintiff is exempt from VRLTA and his retaliation claim is dismissed.

### b. Retaliation Under North Carolina Law

Similarly, Plaintiff has no retaliation claim under North Carolina landlord-tenant law. Chapter 42 of the North Carolina General Statutes codifies the rights and obligations of landlords and tenants in North Carolina. Section 42-39 states in pertinent part:

> (a) The provisions of this Article shall not apply to transient occupancy in a hotel, motel, or similar lodging subject to regulation by the Commission for Public Health.

As stated above, Plaintiff's stay in the hotel lasted for less than a month and none of his allegations indicate his stay in the Hotel was other than a transient occupancy. Accordingly, Plaintiff's claim under North Carolina's landlord-tenant laws is dismissed.

### B. Motion to Transfer Venue

This Court further finds in the interest of justice this case should be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404(a).

"For the convenience of the parties and witnesses, in the interest of Justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant, however, assumes a heavy burden when making a motion to transfer. Such motion, therefore, should not be granted "if a transfer would merely shift the inconvenience from

the defendant to the plaintiff." Uniprop Manufactured Housing Communities Income Fund II v. Home Owners Funding Corp. of America, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990).

Eleven (11) factors are considered by the Court in determining whether Defendant has met its burden to transfer venue. See, e.g., Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-451 (W.D.N.C.1989). Those factors are as follows:

> (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws.

See, e.g., Link v. Pennsylvania State Police, No. 3:14-CV-00643-FDW, 2015 WL 3822832, at *1 (W.D.N.C. June 19, 2015). For the reasons stated below, the Court determines the majority of the factors weigh in favor of transferring the case to the Eastern District of Virginia. The Court addresses each factor below.

**(1) Plaintiff's Initial Choice of Forum**

Despite being domiciled in Virginia, Plaintiff chose this forum in which to file suit against Defendant. Accordingly this factor weighs against transfer.[3]

**(2) Relative Ease of Access to Sources of Proof and (3) Availability of Witnesses**

---

[3] The Court notes that Plaintiff also contends in his Response (Doc. No. 16) that Defendant has waived any objections as to venue pursuant to its alleged policy requiring consumer complaints to be filed with Defendant's headquarters in North Carolina. The Court finds this argument of no moment, however, as such policy, if it exists, would not constitute a waiver of venue in regards to this lawsuit.

Plaintiff asserts that all of Plaintiff's discovery, save for two witnesses, will take place in North Carolina. (Doc. No. 16, p. 2). Defendant disagrees. Defendant points out that all of the witnesses who were involved with the incident, including the Hotel manager, responding police officers, Plaintiff, etc. and all of the physical evidence, including the Hotel room where the incident occurred, police records, etc. are located in Virginia. As such, the Eastern District of Virginia appears to be the more economical forum in terms of travel burden and expenses.

Additionally, should a subpoena be needed to compel witnesses to appear at trial, this Court has limited power to do so. Federal Rule of Civil Procedure 45(c) gives the Court the power to command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business. Both parties have identified multiple anticipated witnesses who live and work in Virginia while neither party has identified an anticipated third-party witness outside of Virginia. As such, the likelihood of unavailability of compulsory process is greater in this venue than in Eastern District of Virginia. Accordingly, these two factors weigh in favor of transfer.

**(4) Possibility of a View**

The Hotel and Hotel room where the incidents pertinent to this matter occurred are in Northern Virginia. Transfer of venue would reduce the burden of traveling should the Court determine a view of the premises is necessary to the resolution of the case. This factor weighs in favor or transfer.

**(5) Enforceability of a Judgment**

Choice of venue will not affect an enforceability of a judgement in this matter. This factor is neutral.

**(6) Advantages/Obstacles to a Fair Trial**

Defendant contends it will be disadvantaged by the limitations of this Court's power to subpoena trial witnesses pursuant to Rule 45(c). While the Court has already noted that the likelihood of unavailability of compulsory process is greater in this venue than in Eastern District of Virginia, Defendant has not yet specifically identified to the Court any-third party witnesses it anticipates calling. The Court finds this factor neutral.

**(7) Other Practical Considerations to an Easy, Expeditious, and Inexpensive Trial**

For the same reasons discussed in factors (2) and (3), the Court determines this factor weighs in favor of transfer.

**(8) Administrative Difficulties**

Neither party identifies any administrative difficulties. The Court, therefore, finds this factor neutral.

**(9) Local Interests and (10) Appropriateness in having Trial of a Diversity Case in a Forum at Home with the State Law that must Govern the Action.**

The alleged injury, and all events leading up to and following the injury, occurred in Virginia. As the law of Virginia will apply to the tortious conduct alleged in this case, and Virginia has an interest in seeing that its laws are enforced and regulating conduct within its borders, these two factors weighs in favor of transfer.

**(11) Avoidance of Problems with Conflict of Laws**

As stated above, because these claims are governed by Virginia law, this factor weighs in favor of transfer.

Given the above analysis, the Court determines that the majority of the factors weigh in favor of transfer. Here, it is not disputed that the operative events that form the basis of Plaintiff's claims

occurred in Virginia. It is also not disputed that the relevant witnesses and physical evidence are located in Virginia. While several of the factors are neutral, those bearing any weight favor transfer. This Court, therefore, finds that the Eastern District of Virginia, Alexandria Division, is the district and division with the closest relationship to the operative events of this action and consequently is the district in which this case should be litigated.

### III. CONCLUSION

IT IS THEREFORE ORDERED for the foregoing reasons Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for violations of N.C. Gen. Stat. § 42-40(2) and § 72-1, violations of North Carolina's consumer protection laws, and retaliation in violation of North Carolina's and Virginia's landlord tenant laws are dismissed without prejudice. Plaintiff's claims for negligence, intentional infliction of emotional distress, and violation of Virginia's consumer protection laws survive.

IT IS FURTHER ORDERED Defendant's Motion to Transfer is GRANTED and this case shall be transferred to United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Signed: April 2, 2018

Frank D. Whitney
Chief United States District Judge